**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 12-01713 VAP (OPx)                    Date:  November 8, 2012

Title:     FEDERAL NATIONAL MORTGAGE ASSOCIATION -*v*- CARLOS E.
           ANAYA, AND DOES 1 THROUGH 5, INCLUSIVE
===============================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

           Marva Dillard                         None Present
           Courtroom Deputy                      Court Reporter

ATTORNEYS PRESENT FOR              ATTORNEYS PRESENT FOR
PLAINTIFFS:                        DEFENDANTS:

           None                              None

PROCEEDINGS:        MINUTE ORDER MINUTE ORDER REMANDING ACTION
                    TO THE CALIFORNIA SUPERIOR COURT FOR THE
                    COUNTY OF SAN BERNARDINO (IN CHAMBERS)


       On August 3, 2012, Defendant Carlos E. Anaya first removed this action from
the California Superior Court for the County of San Bernardino.  (<u>See</u> Not. of
Removal (Doc. No. 1), <u>Fed. Nat'l Mortgage Ass'n v. Anaya</u>, No. 12-01292VAP (C.D.
Cal. Aug. 3, 2012).)  This Court remanded the case and terminated it in this Court on
August 27, 2012, on the following grounds:

       Defendant alleges the Court has subject-matter jurisdiction to hear this
matter pursuant 28 U.S.C. § 1441, because Plaintiff Federal National

MINUTES FORM 11                              Initials of Deputy Clerk ___md___
CIVIL -- GEN                     Page 1

EDCV 12-01713 VAP (OPx)
FEDERAL NATIONAL MORTGAGE ASSOCIATION v. CARLOS E. ANAYA, AND DOES 1 THROUGH 5, INCLUSIVE
MINUTE ORDER of November 8, 2012

Mortgage Association's state unlawful detainer claim is in violation of Defendant's federal statutory and constitutional rights.  Defendant's argument lacks merit; for the following reasons, the Court REMANDS the action to the California Superior Court for the County of San Bernardino.

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman–Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Defendant argues that Congress intended to preempt state law unlawful detainer claims when it enacted the Emergency Economic Stablization Act; as such, Plaintiff has no California state law action to bring – only a federal action. (See Not. of Removal ¶ 10.)

"[B]ecause the States are independent sovereigns in our federal system," courts "have long presumed that Congress does not cavalierly pre-empt state law causes of action."  Medtronic, Inc. v. Lohr, 518 U.S. 470, 485 (1996).  "In all pre-emption cases, and particularly those in which Congress has 'legislated . . . in a field which the States have traditionally occupied, we start with the presumption that the historic police powers of the States were not superseded by the Federal Act unless that was the clear and manifest purpose of Congress.'"  Id. (quoting Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947)).  This Court therefore begins its analysis with the observation that "[c]oncepts of real property are deeply rooted in state traditions, customs, habits, and laws."  Reconstr. Fin. Corp.

MINUTES FORM 11                                    Initials of Deputy Clerk ___md___
CIVIL -- GEN                        Page 2

EDCV 12-01713 VAP (OPx)
FEDERAL NATIONAL MORTGAGE ASSOCIATION v. CARLOS E. ANAYA, AND DOES 1 THROUGH 5, INCLUSIVE
MINUTE ORDER of November 8, 2012

<u>v. Beaver Cty.</u>, 328 U.S. 204, 209 (1946).  While Defendant's Notice of Removal describes Congress's intent of "complete preemption" (Not. of Removal ¶ 10), there is simply no evidence of Congress's intent to create a federal cause of action, supplanting states' unlawful detainer laws.

Further, existence of only a federal law defense cannot confer federal question jurisdiction on the Court, and therefore may not be the basis for removal of an action.  <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393 (1987).  Accordingly, Defendant cannot invoke the Court's jurisdiction under 28 U.S.C. § 1441. (Minute Order Remanding Action (Doc. No. 6), <u>id.</u>)

The Court, like it did on August 27, 2012, lacks subject-matter jurisdiction over this action, and thus again REMANDS the matter to the California Superior Court for the County of San Bernardino.  Defendant is cautioned that further frivolous attempts to remove the action to this Court may result in sanctions.

**IT IS SO ORDERED.**

MINUTES FORM 11                                    Initials of Deputy Clerk ___md___
CIVIL -- GEN                        Page 3